IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WARNDELLA WASHINGTON
o/b/o SWJ,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No.  1:11-cv-94-MP-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Warndella Washington, on behalf of her minor custodial granddaughter, appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for childhood supplemental security income ("SSI") benefits. (Doc. 1.) The Commissioner has answered (Doc. 11), and both parties have filed briefs outlining their respective positions. (Docs. 20 & 21.) For the reasons discussed below the Commissioner's decision is due to be **AFFIRMED**.

## I. BACKGROUND

Warndella Washington, on behalf of her minor custodial granddaughter,[1] filed an application for children's SSI benefits on March 13, 2007. (R. 109-112.) Plaintiff's application was denied initially and on reconsideration. (R. 70-73, 76-78.)  On January 29, 2010, following a hearing, the ALJ issued a decision finding that the Plaintiff was not disabled.  The ALJ found that Plaintiff suffered from the severe impairments of attention

---

[1] Even though this action is being brought by the mother on behalf of her minor custodial granddaughter, the Court will refer to the minor granddaughter as the Plaintiff.

deficit hyperactivity disorder, a depressive disorder, and an oppositional defiant disorder.  The ALJ considered medical records and school records from 2004-2009, as well as two Childhood Disability Evaluation from 2007. The ALJ determined that Plaintiff's impairment or combination of impairments did not meet, medically equal, or functionally equal the severity of an impairment in the listings, and therefore Plaintiff was not disabled.  (R. 16-33.)  On March 18, 2011, the Appeals Council denied Plaintiff's Request for Review (R. 1-5), making the ALJ's hearing decision the final decision of the Commissioner.

## II. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.[2] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[3] In reviewing the Commissioner's decision, the district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[4]

---

[2] See 42 U.S.C. § 405(g) (2003).

[3] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)); accord, Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[4] Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

Congress has empowered the district court to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause.[5] Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[6] The district court will reverse a Commissioner's decision on plenary review, however, if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[7] Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.[8]

The regulations set forth a three-part sequential test the Commissioner must follow when determining disability in children.[9] First, a child must show that the child is not performing substantial gainful activity.[10] Second, if the child is not working, the child must show that the child suffers from an impairment or combination of impairments that

---

[5] 42 U.S.C. § 405(g) (sentence four).

[6] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[7] Keeton v. Dep't of Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

[8] Bowen v. Heckler, 748 F.2d 629, 631, 636-37 (11th Cir. 1994).

[9] 20 C.F.R. § 416.924(a) (2007).

[10] 20 C.F.R. § 416.924(b).

is severe.[11] Third, if there are severe impairments, the child must show that the child's impairments meet, medically equal, or functionally equal the severity of an impairment in the listings.[12] If the child does not meet all three criteria then the child is not disabled.

In addition to the three-part test, the Commissioner must find that the child's impairment meets the duration requirement, which means the impairment must be expected to result in death or to last longer than 12 months. If the child meets all three criteria and the duration requirement, then the child is disabled.[13]

### III. DISCUSSION

Plaintiff's sole argument is that the ALJ failed to fully and fairly develop the record. Plaintiff, who is represented by counsel and who had a non-attorney representative appear at her hearing, contends that the ALJ failed to procure a medical assessment of Plaintiff on or about the time of the hearing in 2009. (Doc. 20.)

An ALJ has a clear duty to fully and fairly develop the administrative record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); 20 C.F.R. § 416.912(d) (stating that "before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application.") Nevertheless, the claimant bears the burden of proving that he or she is disabled, and consequently, is responsible for producing evidence in support of his claim. *See* 20 C.F.R. § 416.912(a). The ALJ was obligated only to insure that

---

[11] 20 C.F.R. § 416.924(c).

[12] 20 C.F.R. § 416.924(d).

[13] 20 C.F.R. § 416.924(d)(1).

there was a sufficient record for at least the 12 month period preceding the March 2007 date the application was filed.  *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (rejecting claimant's argument that the ALJ had a duty to develop the medical record for the time period after his application for benefits).

Plaintiff filed her application for benefits on March 13, 2007 and, thus, the ALJ was required to develop her medical history for the 12 months prior to March 2007.  The ALJ reviewed the medical evidence from 2004-2009 – a period of time that not only includes the 12 months before the application was filed but goes well beyond the application date – and then concluded that Plaintiff was not disabled.  (R. 209-489.)  Notably, the ALJ even issued subpoenas to the Plaintiff's school "in order to obtain more current evidence" but apparently the school failed to respond.  It also appears that Plaintiff's representative also unsuccessfully requested additional records from the school.  (R. 28.)

The ALJ had the benefit of school records, including teacher questionnaires from 2007, the child's testimony, medical records from Meridian Behavioral Health Care, treatment notes from the on-site school counseling, and two Childhood Disability Evaluations completed by medical consultants in 2007. The state agency medical consultants – who had the benefit of Plaintiff's records for the period prior to her application date – each concluded that the Plaintiff did not have any listing-level impairment and that the Plaintiff did not have any marked or extreme deficits in any of the six functional domains relevant to a child disability case. Notably, at least one of the medical consultants had available and considered evidence about the Plaintiff's

behavior after she began taking psychotropic medication as well as additional school records. Thus, the record considered by the ALJ contained more than sufficient information to assess properly whether the Plaintiff was disabled. There is nothing in the record to suggest a reason or necessity for obtaining a further medical assessment of Plaintiff at the time of the 2009 hearing.

In sum, the ALJ developed the medical history for the required period of 12 months prior to the application date as well as for the period beyond that time period. (R. 16-29.)  The ALJ fully analyzed the relevant school records, medical evidence, and child disability evaluations utilizing the correct legal standards for determining childhood disability and there is nothing the Plaintiff points to and nothing in the record that suggests the ALJ failed to fulfill her duty to develop the record by not obtaining another medical assessment at the time of the 2009 hearing.   Accordingly,  the Court concludes that the ALJ did not fail to develop the record and applied the correct legal standards in finding that Plaintiff was not disabled.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **AFFIRMED.**

**IN CHAMBERS** at Gainesville, Florida, this 19th day of March, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**